81 F.3d 165
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Oscar Leon SMITH, Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Appellee.
 No. 95-2700.
 United States Court of Appeals, Eighth Circuit.
 Submitted: January 12, 1996.
Filed: April 8, 1996.
 
 Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Oscar Smith applied for Social Security disability insurance and Supplemental Security Income benefits, alleging disability because of problems with his back, shoulders and knees. His application was denied initially and on reconsideration, and Smith requested a hearing before an Administrative Law Judge (ALJ). The ALJ concluded that Smith was not disabled, finding that Smith had a partial amputation of the right thumb, hypertension and borderline intellectual function, but that such limitations did not preclude Smith from performing his past relevant work as a sanitation worker. After the Appeals Council denied review of the ALJ's decision, Smith sought review by the District Court. Both parties filed motions for summary judgment. The District Court[1] granted summary judgment in favor of the Commissioner, concluding that there was substantial evidence to support the ALJ's determination that Smith's alleged disability would not prevent him from returning to his previous employment as a sanitation worker. Specifically, the District Court found compelling the testimony of Dr. Vance Crane, who concluded that Smith could perform any and all types of work. In addition, the District Court rejected Smith's contention that his thumb impairment was disabling, noting that Smith had worked for several years as a sanitation worker after his thumb was amputated without any worsening of his condition.
 
 
 2
 On appeal, Smith argues that the District Court erred in determining that the ALJ's decision denying his benefits is supported by substantial evidence. Smith contends the medical evidence clearly establishes a mental impairment, and that his amputated thumb and somatoform disorder[2] qualify as additional and significant work-related limitations that have rendered him disabled and unable to return to his past work as a sanitation worker.
 
 
 3
 After careful review of the record and the arguments of the parties, we conclude that no error of law appears and that the decision of the Commissioner denying disability benefits is supported by substantial evidence on the record as a whole. Concluding also that an extended opinion by this Court would lack precedential value, we affirm the judgment of the District Court on the basis of its thorough and well-reasoned memorandum opinion. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c)
 
 
 [2]
 Somatoform disorder is a condition in which there are "physical symptoms for which no physical cause can be found, and for which there is definite or strong evidence that the underlying cause is psychological." One such somatoform disorder is hypochondriasis. The American Medical Association Encyclopedia of Medicine 923 (1989)